Sarah Tollison (WSB # 6-4371)
Edward S. Bushnell (WSB #7-4951)
DeFazio Law Office, LLC
P.O. Box 4877
172 Center Street, Suite 203
Jackson, WY 83001
(307)733-5965
(307)733-3786
sarah@defaziolaw.com
ed@defaziolaw.com
Attorneys for Defendant
Standard Drywall, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Alejandro Juarez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 15-CV-105-S |
| Standard Drywall, Inc. and George Rosales, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## DEFENDANT STANDARD DRYWALL, INC.'S ANSWER TO COMPLAINT

---

**COMES NOW** Defendant Standard Drywall, Inc. ("Defendant" or "Standard Drywall") and hereby submits its *Answer to Complaint* in the above-entitled matter and states as follows:

### I.  NATURE OF THE ACTION

1.  Defendant admits that Plaintiff was employed by Standard Drywall, but he was using a different name (not "Alejandro Juarez"). Defendant denies the remainder of the allegations contained in paragraph 1 of the *Complaint*.

2.      Defendant denies the allegations contained in paragraph 2 of the *Complaint*.

3.      Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 3 of the *Complaint*, and therefore denies the same.

4.      Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 4 of the *Complaint*, and therefore denies the same.

5.      The *Probable Cause Affidavit*, attached to the *Complaint* as *Exhibit 1*, speaks for itself.  Defendant denies any other allegations set forth in paragraph 5 of the *Complaint*.

6.      Defendant denies the allegations contained in paragraph 6 of the *Complaint*.

7.      Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 7 of the *Complaint*, and therefore denies the same.

8.      Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 8 of the *Complaint*, and therefore denies the same.

9.      The *Information* and *Plea Agreement*, attached to the *Complaint* as *Exhibit 2* and *Exhibit 3*, respectively, speak for themselves.  Defendant denies any other allegations set forth in paragraph 9 of the *Complaint*.

10.     Defendant denies the allegations contained in paragraph 10 of the *Complaint*.

11.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 11 of the *Complaint*, and therefore denies the same.

## II.      JURISDICTION AND VENUE

12.    Upon information and belief, Defendant admits the allegations contained in paragraph 12 of the *Complaint*.

13.    Defendant admits the allegations contained in paragraph 13 of the *Complaint*.

14.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 14 of the *Complaint*, and therefore denies the same.

15.    Upon information and belief, Defendant admits the allegations contained in paragraph 15 of the *Complaint*.

16.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 16 of the *Complaint*, and therefore denies the same.

17.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 17 of the *Complaint*, and therefore denies the same.

18.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 18 of the *Complaint*, and therefore denies the same.

19.    Defendant admits the allegations contained in paragraph 19 of the *Complaint*.

20.    Defendant denies the allegations contained in paragraph 20 of the *Complaint*.

21.    Defendant admits the allegations contained in paragraph 21 of the *Complaint*.

22.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 22 of the *Complaint*, and therefore denies the same.

23.     Defendant denies the allegations contained in paragraph 23 of the *Complaint*.

24.     Upon information and belief, Defendant admits the allegations contained in paragraph 24 of the *Complaint*.

### III.    COMMON ALLEGATIONS OF FACT

25.     Defendant incorporates the answers to paragraphs 1-24 above as if fully restated herein.

26.     Defendant admits that it is engaged in construction trades, specializing in drywall, lath, plaster, acoustic ceilings, and other construction-related trades.   Defendant denies the remainder of allegations contained in paragraph 26 of the *Complaint*.

27.     Defendant admits the allegations contained in paragraph 27 of the *Complaint*.

28.     Defendant admits that George Rosales was an employee of Standard Drywall until he quit on or about January 10, 2014.  Defendant denies the remainder of the allegations contained in paragraph 28 of the *Complaint*.

29.     Defendant admits that Marco Rosales was an employee of Standard Drywall until he quit on or about January 10, 2014.  Defendant denies the remainder of the allegations contained in paragraph 29 of the *Complaint*.

30.     Defendant admits the allegations contained in paragraph 30 of the *Complaint*.

31.     Defendant admits the allegations contained in paragraph 31 of the *Complaint*.

32.     Upon information and belief, Defendant admits the allegations contained in paragraph 32 of the *Complaint*.

33.     Defendant admits the allegations contained in paragraph 33 of the *Complaint*.

34.     Defendant denies the allegations contained in paragraph 34 of the *Complaint*.

35.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 35 of the *Complaint*, and therefore denies the same.

36.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 36 of the *Complaint*, and therefore denies the same.

37.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 37 of the *Complaint*, and therefore denies the same.

38.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 38 of the *Complaint*, and therefore denies the same.

39.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 39 of the *Complaint*, and therefore denies the same.

40.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 40 of the *Complaint*, and therefore denies the same.

41.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 41 of the *Complaint,* and therefore denies the same.

42.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 42 of the *Complaint,* and therefore denies the same.

43.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 43 of the *Complaint,* and therefore denies the same.

44.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 44 of the *Complaint,* and therefore denies the same.

45.    Defendant denies the allegations contained in paragraph 45 of the *Complaint.*

46.    Upon information and belief, Defendant admits the allegations contained in paragraph 46 of the *Complaint.*

47.    Upon information and belief, Defendant admits the allegations contained in paragraph 47 of the *Complaint.*

48.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 48 of the *Complaint,* and therefore denies the same.

49.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 49 of the *Complaint,* and therefore denies the same.

50.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 50 of the *Complaint,* and therefore denies the same.

51.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 51 of the *Complaint,* and therefore denies the same.

52.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 52 of the *Complaint,* and therefore denies the same.

53.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 53 of the *Complaint,* and therefore denies the same.

54.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 54 of the *Complaint,* and therefore denies the same.

55.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 55 of the *Complaint,* and therefore denies the same.

56.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 56 of the *Complaint,* and therefore denies the same.

57.     Upon information and belief, Defendant admits the allegations contained in paragraph 57 of the *Complaint.*

58.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 58 of the *Complaint,* and therefore denies the same.

59.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 59 of the *Complaint,* and therefore denies the same.

60.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 60 of the *Complaint,* and therefore denies the same.

61.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 61 of the *Complaint,* and therefore denies the same.

62.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 62 of the *Complaint,* and therefore denies the same.

63.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 63 of the *Complaint*, and therefore denies the same.

### FIRST CLAIM OF RELIEF
**(Forced Labor, 18 U.S.C. § 1589 and Human Trafficking with Respect to Forced Labor, 18 U.S.C. § 1590)**

64.     Defendant incorporates the answers to paragraphs 1-63 above as if fully restated herein.

65.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 65 of the *Complaint*, and therefore denies the same.

66.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 66 of the *Complaint*, and therefore denies the same.

67.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 67 of the *Complaint*, and therefore denies the same.

68.     Defendant denies the allegations contained in paragraph 68 of the *Complaint*.

69.     Defendant denies the allegations contained in paragraph 69 of the *Complaint*.

70.     Paragraph 70 is comprised of a partial quotation of a statute.  The statute, in its entirety, speaks for itself.  Defendant denies any other allegations set forth in Paragraph 70 of the *Complaint*.

71.     Paragraph 71 is comprised of a partial quotation of a statute.  The statute, in its entirety, speaks for itself.  Defendant denies any other allegations set forth in Paragraph 71 of the *Complaint*.

72.     Paragraph 72 is comprised of a partial quotation of a statute.  The statute, in its entirety, speaks for itself.  Defendant denies any other allegations set forth in Paragraph 72 of the *Complaint*.

73.     Paragraph 73 is comprised of a partial quotation of a statute, and therefore does not require an admission or denial.  The statute, in its entirety, speaks for itself.  Defendant denies any other allegations set forth in Paragraph 73 of the *Complaint*.

74.     Defendant denies the allegations contained in paragraph 74 of the *Complaint* and Plaintiff's subsequent prayer for relief.

## SECOND CLAIM FOR RELIEF
### (Wage Claims against Standard)

75.     Defendant incorporates the answers to paragraphs 1-74 above as if fully restated herein.

76.     W.S. § 27-4-507, in its entirety, speaks for itself.  Defendant denies any other allegations set forth in Paragraph 76 of the *Complaint*.

77.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 77 of the *Complaint*, and therefore denies the same.

78.     Defendant denies the allegations contained in paragraph 78 of the *Complaint*.

79.     W.S. § 27-4-104, in its entirety, speaks for itself.  Defendant denies any other allegations set forth in Paragraph 79 of the *Complaint*.

80.     Defendant denies the allegations contained in paragraph 80 of the *Complaint.*

81.     Defendant denies the allegations contained in paragraph 81 of the *Complaint* and Plaintiff's subsequent prayer for relief.

## THIRD CLAIM FOR RELIEF
### (Conversion against all Defendants)

82.     Defendant incorporates the answers to paragraphs 1-81 above as if fully restated herein.

83.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 83 of the *Complaint,* and therefore denies the same.

84.     Defendant denies the allegations contained in paragraph 84 of the *Complaint.*

85.     Defendant denies the allegations contained in paragraph 85 of the *Complaint.*

86.     Defendant denies the allegations contained in paragraph 86 of the *Complaint.*

87.     Defendant denies the allegations contained in paragraph 87 of the *Complaint* and Plaintiff's subsequent prayer for relief.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment against Standard)

88.     Defendant incorporates the answers to paragraphs 1-87 above as if fully restated herein.

89.     Defendant denies the allegations contained in paragraph 89 of the *Complaint* as pled.

90.     Defendant denies the allegations contained in paragraph 90 of the *Complaint* as pled.

91.     Defendant denies the allegations contained in paragraph 91 of the *Complaint* as pled.

92.     Defendant denies the allegations contained in paragraph 92 of the *Complaint*.

93.     Defendant denies the allegations contained in paragraph 93 of the *Complaint*.

## FIFTH CLAIM FOR RELIEF
### (Civil Conspiracy against all Defendants)

94.     Defendant incorporates the answers to paragraphs 1-93 above as if fully restated herein.

95.     Paragraph 95 cites several statutes.  Each cited statute, in its entirety, speaks for itself.  Defendant denies the allegations contained in paragraph 95 of the *Complaint*.

96.     Defendant denies the allegations contained in paragraph 96 of the *Complaint*.

## SIXTH CLAIM FOR RELIEF
### (Negligence against Defendant George Rosales)

97.     Defendant incorporates the answers to paragraphs 1-96 above as if fully restated herein.

98.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 98 of the *Complaint*, and therefore denies the same.

99.     Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 99 of the *Complaint*, and therefore denies the same.

100.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 100 of the *Complaint*, and therefore denies the same.

101.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 101 of the *Complaint*, and therefore denies the same.

102.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 102 of the *Complaint*, and therefore denies the same.

103.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 103 of the *Complaint*, and therefore denies the same.

104.    Defendant denies the allegations contained in paragraph 104 of the *Complaint* as pled.  "Safe work practices" is not defined by Plaintiff, and therefore, Defendant does not have facts sufficient to admit or deny the allegations related to what Plaintiff refers to as "safe work practices" contained in paragraph 104 of the *Complaint*, and therefore denies the same.   OSHA regulations, in their entirety, speak for themselves.

Defendant denies any other allegations set forth in Paragraph 104 of the *Complaint*.

105. Defendant denies the allegations set forth in paragraph 105 of the *Complaint* as pled.

106. Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 106 of the *Complaint*, and therefore denies the same.

107. Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 107 of the *Complaint*, and therefore denies the same.

108. Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 108 of the *Complaint*, and therefore denies the same.

109. Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 109 of the *Complaint*, and therefore denies the same.

110. Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 110 of the *Complaint*, and therefore denies the same.

111. Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 111 of the *Complaint*, and therefore denies the same.

112.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 112 of the *Complaint*, and therefore denies the same.

113.    Defendant was not made aware of Plaintiff's alleged injuries until months after they allegedly occurred.  When Defendant learned of the situation, Defendant filed a worker's compensation claim in Idaho, but it was denied.  Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 113 of the *Complaint*, and therefore denies the same.

114.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 114 of the *Complaint*, and therefore denies the same.

115.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 115 of the *Complaint*, and therefore denies the same.

116.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 116 of the *Complaint*, and therefore denies the same.

117.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 117 of the *Complaint*, and therefore denies the same.

118.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 118 of the *Complaint*, and therefore denies the same.

119.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 119 of the Complaint regarding the basis of any denial of a Wyoming Worker's Compensation claim, and therefore denies the same.  Wyo. Stat. Ann. § 21-14-102, in its entirety, speaks for itself. Defendant denies any other allegations set forth in Paragraph 119 of the *Complaint.*

120.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 120 of the Complaint regarding any claim filed with Idaho worker's compensation or any ruling thereon, and therefore denies the same.  Idaho Code 72-1366, in its entirety, speaks for itself. Defendant denies any other allegations set forth in Paragraph 120 of the *Complaint.*

121.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 121 of the *Complaint*, and therefore denies the same.

122.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 122 of the *Complaint*, and therefore denies the same.

123.    The statutes cited by Plaintiff paragraph 123 of the *Complaint* speak for themselves.    Defendant denies all other allegations contained in paragraph 123 of the *Complaint*.

124.    Defendant denies the allegations contained in paragraph 124 of the *Complaint*.

125.    Defendant does not have facts sufficient to admit or deny the allegations contained in paragraph 125 of the *Complaint*, and therefore denies the same.

126.    Defendant denies the allegations contained in paragraph 126 of the *Complaint*.

**SEVENTH CLAIM FOR RELIEF**
**(Vicarious Liability/*Respondeat Superior* against Defendant Standard Drywall)**

127.    Defendant incorporates the answers to paragraphs 1-126 above as if fully restated herein.

128.    Defendant admits the allegations set forth in paragraph 128 of the *Complaint*.

129.    Defendant denies the allegations set forth in paragraph 129 of the *Complaint* as pled.

130.    Defendant denies the allegations set forth in paragraph 130 of the *Complaint*.

131.    Defendant denies the allegations set forth in paragraph 131 of the *Complaint* as pled.

132.    Defendant denies the allegations set forth in paragraph 132 of the *Complaint*.

133.    Defendant denies the allegations set forth in paragraph 133 of the *Complaint*.

## DAMAGES

1.    Defendant denies all allegations that as a direct and proximate result of the Defendants' alleged negligent acts and/or omissions, Plaintiff incurred any damages, including but not limited to those set forth in subsections a through j of "Damages" paragraph 1 of the *Complaint*.

## AFFIRMATIVE DEFENSES

1.    Plaintiff lacks proper standing to bring an action;

2.    Plaintiff has failed to state a claim upon which relief can be granted;

3.    Plaintiff is barred by the doctrine of unclean hands from taking any relief as requested in the *Complaint*;

4.    Plaintiff failed to mitigate his damages;

5.    Illegality:  Plaintiff's own criminal acts preclude recovery;

6.    Fraud:  Plaintiff's own fraud precludes recovery;

7.    Waiver:  Plaintiff's right to assert the claims set forth in the *Complaint* have been waived by his improper conduct;

8.    Contributory negligence:  Plaintiff's own negligent acts preclude recovery;

9.      Indemnification:  Any and all provable wrongful acts alleged in this

        *Complaint* are solely the acts of Defendant George Rosales and Marco

        Rosales;

10.     No vicarious liability:  Employers, including Standard Drywall, are not

        responsible for criminal acts committed by their employees or for

        employees' actions that are outside the scope of their employment;

11.     Unjust enrichment:  Plaintiff benefitted from payments made by

        Defendant Standard Drywall while not performing services;

12.     Defendant Standard Drywall reserves the right to amend, supplement or

        withdraw any of its affirmative defenses as discovery continues in this

        matter.

WHEREFORE, Defendant Standard Drywall respectfully requests that

A.      Judgment be entered against the Plaintiff on all counts, and that Plaintiff

        take nothing by way of his *Complaint*;

B.      That Plaintiff pay all Defendant Standard Drywall's reasonable costs and

        attorneys' fees associated with this action;

C.      This matter be tried to a jury of six (6) persons; and

D.      The Court grant the Defendant Standard Drywall any other relief allowed

        by law.

RESPECTFULLY SUBMITTED, this 4th day of August, 2015.


                                                    /s/ Sarah Tollison

Sarah Tollison (WSB # 6-4371)
Edward S. Bushnell (WSB #7-4951)
DeFazio Law Office, LLC
P.O. Box 4877
172 Center Street, Suite 203
Jackson, WY 83001
(307)733-5965
(307)733-3786
sarah@defaziolaw.com
ed@defaziolaw.com
Attorneys for Defendant
Standard Drywall, Inc.

## <u>CERTIFICATE OF SERVICE</u>

THIS IS to certify that on the 4th day of August, 2015, I served a copy of the foregoing document by via electronic mail and CM/ECF service on the following:

James E. Gigax
jgigax@bmas.com
Attorney for Plaintiff

       /s/ Sarah Tollison
Sarah Tollison