James E. Gigax, W.S.B. 5-1913
Murr Siler & Accomazzo, P.C.
410 17th Street, Suite 2400
Denver, CO 80202-4402
(303) 534-2277, fax (303)534-1313
jgigax@bmas.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ALEJANDRO JUAREZ, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| | ) Civil No. 15-C-105-S |
| vs. | ) |
| | ) |
| STANDARD DRYWALL, INC., a California | ) |
| Corporation,  and GEORGE ALBERT ROSALES, | ) |
| | ) |
| | ) |
|     Defendants. | ) |

**RESPONSE TO MOTIONS FOR PROTECTIVE ORDER**

Plaintiff Alejandro Juarez, through counsel, responds to Standard Drywall's Motion for In Camera Inspection (Document 32) and Motion for Protective Order (Document 35) (collectively, "Motion").

Whether a given communication falls within the attorney-client privilege is determined by widely published criteria. *See, e.g., In re Universal Service Fund Telephone Billing Practices Litigation*, 232 F.R.D. 669, 674 (D. Kan. 2005):

> Under federal common law, the essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection be waived.

232 F.R.D. at 674.

The case on which SDI relies, *Thomas v. Harrison*, 634 P.2d 328 (Wyo. 1981), applied work product (not attorney-client) privilege criteria: " We affirm the judgment because protection from such discovery was afforded under the work product concept, i.e., we do not find an abuse of discretion by the trial court . . .." Id. at 330.

If that were don't enough to render *Thomas* inapplicable, the scope of the work product doctrine is always governed by federal law when the litigation is in federal court. See, e.g., *United Coal Cos. v. Powell Constr. Co*., 839 F.2d 958, 966 (3d Cir. 1988) (holding that "[u]nlike the attorney client privilege, the work product [doctrine] is governed, even in diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3)").  Therefore, *Thomas* provides no guidance whatsoever to this case.  See also, *First Wyoming Bank, N.A., Jackson Hole v. Continental Insurance Co.*, 860 P.2d 1064 (Wyo. 1993) at 1087-88 (Thomas [,] . . . approved on appeal by an exercised discretion analysis, cannot resolve the issue. It is perhaps noteworthy that in the Thomas three-to-two decision, only one member of that court presently remains on this tribunal . . ..").

Therefore, the Motion must be decided based upon work product criteria, under which the Motion fails.  SDI fails to meet its burden establish that the communications in

question are "documents prepared in anticipation of litigation" within the meaning of F.R.C.P. 26(b) (3).

The Plaintiff does not have the burden to <u>disprove</u> the existence of the privilege; SDI has the burden to establish it. That said, the lack of any indicia of impending or threatened or anticipated ligation is shown by the Claims Summary Report, attributed to AIG claims adjuster Ms. Papps. Privilege Log No. 1 (Document 32-1 Filed 03/18/16), Document 3, at Bates Juarez 1553-58. Ms. Papps notes "no indication of negligence" and that there are no attorneys involved and that no "complaint has been filed." Bates 1555. No litigation was anticipated.

As to SDI's short-lived civil lawsuit against the Rosaleses, SDI fails to establish any privilege which would limit Alejandro Juarez's discovery as to his claims against SDI and George Rosales. Litigation against Juarez was not anticipated.

Therefore, the few remaining AIG/SDI documents in dispute are of the "ordinary course of business" variety. See generally, Laney *v. Schneider National Carriers,* 259 F.R.D. 562 566-67 (N.D.Okla. 2009).

In addition to the lack of any indicia of litigation, the Plaintiff is a third party beneficiary and/or has first-party standing under the underlying AIG policy (Exhibit 1 hereto, page 1 of 6, Part One, Section B: "we will pay promptly" required work comp benefits) under which he filed a work comp claim. Filing of the claim triggered the usual claim handling records in the ordinary course of business; the fact that AIG did not "pay promptly" need not be labored. "The fact that Plaintiff may be a third-party beneficiary does not somehow transform the contract from a first-party to a third-party contract."

*Goff v. Penn Mut. Life Ins. Co.*, 729 S.E.2d 890, 895 (W.Va. 2012), quoting *Fuller v. Nationwide Insurance Co.*, 2009 WL 723245 (D.Utah 2009).

As to first party claims, "insurance adjusters' investigative reports are prepared in the ordinary course of business and, therefore, are discoverable." *Weizman v. Blazing Pedals, Inc..* l51 F.R.D. 125, 126 (D.Colo. 1993).

Of the following documents, only those listed in red letters are left for the Court's determination. Those in **black letters** are not privileged, but the Plaintiff simply sees no value in them and agrees not to file them or offer them into evidence, or otherwise publish them, without first seeking leave of court and showing good cause, e.g., to refresh the memory of SDI's Dan Spacone or Monte Davis.

The controverted issues as to which the documents in red may lead to admissible evidence relate to claims under 28 U.S.C. §§ 1589, 1590, 1595 for forced labor, and claims for unpaid wages, negligence, and conspiracy.

Privilege Log No. 1  (Document 32-1 Filed 03/18/16)

(contested documents in red)

Document 1, Bates 1514-15  Plaintiff agrees not to use this.
Document 2, at Bates1555. This is relevant to the elements of privilege.  Dismisses possibility of liability claim. No indication of impeding or even a possible lawsuit. While Plaintiff agrees not to use this document, it is useful to analyzing the Motion for Protective Order.
Document 3, Bates 1553-58  AIG claims analysis. Agree not to use.
Document 4, Bates 1560   Safety Manager Dan Spacone's notes re facts of the workplace scaffold fall.  Ordinary course of business.
Document 25, at Bates 2182-87.  This deals with an employee dishonesty claim, not a liability claim in which SDI would eventually be represented by counsel. Ordinary course of business.

Documents 26, 27, 28.  <u>Plaintiff Agrees not to use this</u>. This correspondence deals with the Teton County Sheriff's Office criminal investigation into Marco Rosales and Defendant (in the within case) George Rosales.  <u>Agree not to use</u>.

Document 29 Bates 2220, -21 deal with newspapers articles. <u>Plaintiff Agrees not to use this</u>.

Documents 30, 31 <u>Plaintiff Agrees not to use</u>

Privilege Log No. 2 (believed filed with Document 35)

<span style="color:red">Document 1 No indicia of impeding litigation. Further, this is in the nature of a first party claim and, in any event, there are no statements intended for liability defense counsel.</span> Generated in the ordinary course of business.

Documents 2, 3   <u>Plaintiff Agrees not to use.</u>

<span style="color:red">Document 4, 5.  This is in the nature of a first party claim and, in any event, there are no statements intended for liability defense counsel.</span> Ordinary course of business.

<span style="color:red">Document 6, 7. These deal with the SDI's workplace safety record, and work comp claims history.    No indication of impeding or even a possible lawsuit.</span>  Ordinary course of business.

Document 8.  <u>Plaintiff Agrees not to use.</u>

Document 9. Plaintiff agrees not to have produced, and to not use, this document, <span style="color:red">if the Court notes on the record, or SDI stipulates</span>, that SDI received notice, as of the date(s) stated in these emails, that Mr. Juarez declined AIG's offer set forth in attorney Allan Hull's letter of  8/7/15, stating AIG was willing "to pay those benefits to which your client may be entitled under Idaho law."

WHEREFORE, the Plaintiff prays that SDI's Motion be denied as to the

controverted documents.


S/ James E. Gigax
_____
James E. Gigax, W.S.B. 5-1913
Murr,  Siler & Accomazzo, P.C.
410 17th St., Ste. 2400
Denver, CO  80202
Telephone (303)534-2277
Facsimile (303)534-1313
jgigax@bmas.com
Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on April 6, 2016, a true and correct copy of the foregoing was (1) faxed; (2) hand delivered; (3) served via ECF (4) mailed, first class; (5) <u>emailed</u>, to:

William R. Fix, Esq.
P.O. Box 297
Jackson, WY 83001

Sarah Tollison
DeFazio Law Office, LLC
P.O. Box 4877
Jackson, WY 83001

Deborah M. Kellam, Esq.
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming 82001

Lance E Shurtleff
Hall & Evans, LLC
1001 17th Street, Suite 300
s/James E. Gigax
_____