Sarah Tollison (WSB # 6-4371)
DeFazio Law Office, LLC
P.O. Box 4877
172 Center Street, Suite 203
Jackson, WY 83001
(307)733-5965
(307)733-3786
sarah@defaziolaw.com
Attorney for Defendant
Standard Drywall, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| ALEJANDRO JUAREZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| STANDARD DRYWALL, INC., and GEORGE ROSALES | ) ) )   Case Number: 15-CV-105-S |
| Defendants. | ) ) ) ) |

---

**BRIEF IN SUPPORT OF DEFENDANT STANDARD DRYWALL INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF AGAINST STANDARD DRYWALL, INC.**

---

COMES NOW, Defendant Standard Drywall, Inc. ("SDI"), by and through counsel undersigned, and hereby submits its *Brief in Support of its Motion for Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief* pursuant to F.R.C.P. 56, and U.S.D.C.L.R. 7.1(b).  In support, SDI respectfully states as follows:

### I.      INTRODUCTION.

SDI specifically references and incorporates herein by reference, along with the referenced exhibits attached thereto, *Defendant Standard Drywall, Inc.'s Motion for Partial Summary Judgment on Punitive Damages* (*Doc. 58*) and *Brief in Support of Defendant Standard*

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
1 of 17

*Drywall, Inc.'s Motion for Partial Summary Judgment on Punitive Damages* (*Doc. 58-1*).  This Brief's references to Exhibits are to the same Exhibits attached to the aforementioned *Defendant Standard Drywall, Inc.'s Motion for Partial Summary Judgment on Punitive Damages* (*Doc. 58*) and *Brief in Support of Defendant Standard Drywall, Inc.'s Motion for Partial Summary Judgment on Punitive Damages* (*Doc. 58-1*).

On July 7, 2015, Plaintiff Alejandro Juarez ("Plaintiff" or "Juarez"), an undocumented alien, filed this lawsuit against SDI and George Rosales seeking damages for seven claims for relief, including the following:

a.  *First Claim for Relief* against SDI and George Rosales for civil rights violations under 18 U.S.C. § 1589 ("Forced Labor") and 18 U.S.C. § 1590 ("Forced Labor and Human Trafficking with Respect to Forced Labor");

b.  *Second Claim for Relief* against SDI for Wages;

c.  *Third Claim for Relief* against SDI and George Rosales for Conversion;

d.  *Fourth Claim for Relief* against SDI for Unjust Enrichment; and

e.  *Fifth Claim for Relief* against SDI and George Rosales for Civil Conspiracy.

The circumstances leading to this civil lawsuit became known to SDI almost five months after Plaintiff sustained an ankle injury on September 30, 2013, when he fell from a scaffold on a Driggs, Idaho project while working for SDI under the false name of Ricardo Hernandez.

SDI will set forth below why summary judgment should be granted on claims for relief one through five.

## II.  SUMMARY OF ARGUMENT.

There is no genuine dispute as to any <u>material fact</u> as to Plaintiff's First, Second, Third, Fourth, or Fifth Claims for Relief against SDI.  No evidence related to these claims raises a

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
2 of 17

genuine dispute of material fact, nor are Plaintiff's claims for relief supported by the relevant law. Therefore, SDI is entitled to summary judgment on those claims.

### III. STANDARD OF REVIEW.

"The Court shall grant summary judgment" when the moving party shows "that there is no genuine dispute as to any material fact" and is "entitled to judgment as a matter of law." Rule 56(a) F.R.C.P. When considering a motion for summary judgment, the Court reviews "the facts and all reasonable inferences those facts support" in a light most favorable to the non-moving party. *IMatter v. Pleune,* 774 F.2d 1258, 1262 (10th Cir. 2014). An inference is reasonable if "reasonable and fair-minded men in the exercise of impartial judgment" might draw such inference from the evidence. *Daniels v. Twin Oaks Nursing Home,* 366 F.3d 869, 875 (10th Cir. 2004). The response "must be based on more than mere speculation, conjecture, or surmise" to create a genuine factual dispute. *Id.*

### IV. STATEMENT OF UNDISPUTED FACTS.

1. In **December, 2005**, Plaintiff, a citizen of Mexico, entered this country illegally and remains unauthorized to be in the United States. *(Juarez Dep. 7:19-8:1 Exhibit A).*

2. On **July 2, 2007**, Plaintiff Juarez applied for work at SDI, submitting a false social security number and permanent resident card he had purchased on the black market, along with a Form I-9 that untruthfully indicated that he was a lawful permanent resident. *(Juarez Dep. 21:8-13; 24:5-15; 25:11-15; 26:3-17 Exhibit B).*

3. In late **December 2010**, Plaintiff was discharged from his SDI employment because he did not have documentation that indicated he was authorized to

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
3 of 17

work in the U.S. i.e., his (fake) permanent resident card had expired.  *(Doc.1 paragraphs 39-40).*

4. In **March, 2012**, Plaintiff was hired by Marco Rosales to work for SDI under the false name of "Ricardo Hernandez." *(Doc.1 p.7 paragraphs 42-44).* Marco and his son, George utilized their positions at SDI to falsify hours and labor on Piece Rate forms, and were taking Plaintiff's paychecks to cash them in order to take portions of that check.  *(Doc.1 p.27).*

5. On **September 30, 2013,** Plaintiff, working under the name "Ricardo Hernandez" fell from an SDI scaffold in Driggs, Idaho, injuring his ankle. *(Doc.1 ¶¶ 110-112)*  He had been working inside a room on that scaffold for 2-3 hours and the only witness to his fall was George Rosales.  *(Juarez Dep. 94:10-14, 24-25; 95:1-2; 118:16-22 Exhibit C).*  Plaintiff, George, and Marco did not report the injury to SDI, who continued to issue paychecks to and intended for Plaintiff based on Piece Rate forms Rosales had falsified, not knowing Plaintiff had not been working at the Idaho jobsite following his injury.  *(Doc.1 p.27)*

6. **December 28, 2013,** Plaintiff voluntarily left his employment with SDI. (*Doc.1 p.27)*

7. **January 10, 2014,** co-defendant George Rosales and his father Marco Rosales left their employment with SDI.  *(Doc.1 p.27)*

8. On Friday, **January 17, 2014,** Plaintiff, through interpreter, SDI's Jesus Ochoa, reported his September 30, 2013 injury to SDI's V.P. Monte Davis in the Wyoming office, further revealing that he was illegal and had recovered

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
4 of 17

at the home of George Rosales following his hospitalization, with George entering time and forging /cashing SDI paychecks intended for Plaintiff under the name "Ricardo Hernandez." *(Doc.1 p.27-28)*. V.P. Davis was surprised and upset and asked Plaintiff to prepare a statement for the authorities of everything Rosaleses had done. *(Juarez Dep. 66:5-18 Exhibit D)*. Up until the January 14, 2014 meeting, Plaintiff had never talked to Mr. Davis because Plaintiff speaks only Spanish and would hardly go to the office, except to occasionally pick up his check *(Juarez Dep. 202:2-19; 142:13- 143:25 Exhibit E)*.

9. On Monday, **January 20, 2014,** SDI's Monte Davis met with the Sheriff's Department to report what he'd learned from Mr. Juarez and requested an immediate criminal investigation into George and Marco Rosales. *(Doc.1 p.27-28)*. Such investigation culminated with George Rosales' Plea Agreement for forgery whereupon he was ordered to pay restitution to victims Standard Drywall, Plaintiff Juarez, and 2 other undocumented former employees, with all other charges dismissed. *(Doc. 1 pp.29-30)*. Through interviews and collection of evidence, Sheriff Investigator Jesse Willcox found that SDI was a victim of the Rosales scheme and he saw nothing that gave any indication that Monte Davis knew about what George and Marco were doing or that it was at his direction for Marco Rosales to hire illegal aliens. *(Willcox Depo. 45:8-25, 46:1-50:5; 48:6- 49:5  Exhibit F)*.

**V.    ARGUMENT.**

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
5 of 17

**A.     There is No Genuine Dispute as to a Material Fact related to Plaintiff's *First Claim for Relief* against SDI for civil rights violations under 18 U.S.C. § 1589 ("Forced Labor") and 18 U.S.C. § 1590 ("Forced Labor and Human Trafficking with Respect to Forced Labor"), the Claim is unsupportable, and therefore, summary judgment should be granted on this claim in favor of SDI.**

Plaintiff's *First Claim for Relief* for civil rights violations under 18 U.S.C. § 1589 ("Forced Labor") and 18 U.S.C. § 1590 ("Forced Labor and Human Trafficking with Respect to Forced Labor") is unsupportable, and therefore, summary judgment should be granted on Plaintiff's *First Claim for Relief* in favor of SDI.

18 USCS §1595 (a) states that an individual who is a victim of a violation of this chapter [18 USCS § 1581 et seq.] may bring a civil action against the perpetrator (or whoever ***knowingly*** benefits, financially or by receiving anything of value from ***participation in*** a venture which that person ***knew or should have known*** has engaged in an act in violation of this chapter [18 USCS §§ 1581 et seq.] in an appropriate district court of the United States and may recover damages and reasonable attorneys' fees. *(Emphasis added)*.  There is no evidence whatsoever that Monte Davis or anyone at SDI (besides the Rosaleses), knowingly participated in any venture with either Rosales or anyone else to "traffic" Plaintiff or "force labor." *(Davis Affidavit 5/3/16 Exhibit G)*.

Plaintiff alleges that SDI violated Plaintiff's civil rights in that it "benefitted from and knew or should have known of the Rosales' [illegal] pay-to-work scheme." *(Doc. 1 pp. 3; 9-11)*.  It is uncontroverted that SDI did not know about the pay-to-work scheme perpetrated by George and Marco Rosales on Plaintiff, and SDI certainly did not benefit from it.  *(Davis Affidavit 5/3/16 Exhibit G; Doc. 1 pp. 23-24)*.  The Rosaleses, who had worked for SDI for years and were trusted employees, were stealing money from SDI by creating and submitting false timecards for "ghosts,"

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
6 of 17

or people who neither existed nor were working under a false name, as Plaintiff was. *(Doc. 1 pp. 23-24; Davis Affidavit 5/3/16 Exhibit G).* Clearly, SDI would never knowingly participate in such a scheme, which was part of the Rosaleses' criminal activity. It is utterly unsupported and illogical to argue that SDI benefitted from and knew, or should have known, about the Rosaleses' actions. In fact, when SDI did learn what was occurring from Plaintiff, Monte Davis contacted the sheriff's department and reported everything he had learned, and asked Plaintiff to do the same. *(Juarez Dep. 66:5-18 Exhibit D; Doc. 1 pp. 23-24; Davis Affidavit 5/3/16 Exhibit G).*

George Rosales confirmed that while Plaintiff was injured and not working (which SDI did not know and would not know for another five-plus months), the Rosaleses continued to turn in timecards for Plaintiff and take the checks SDI cut to Plaintiff (or, who SDI believed Plaintiff to be) for themselves. (*George Rosales Dep. 250:3-22 Exhibit AA*). Not only did George Rosales testify that neither Monte Davis nor anyone in office at SDI knew of this, but that George did not "think anybody knew that" the Rosaleses were stealing money from SDI by falsifying timecards. (*George Rosales Dep. 250:3-22 Exhibit AA; Doc. 1 pp. 23-24*).

Marco Rosales further testified that Monte Davis never told Marco to hire illegal aliens or skim their paychecks. (*Marco Rosales Dep. 202:2-13 Exhibit P*). As Deputy Willcox, who conducted the investigation of the Rosaleses' criminal conduct, testified, SDI was a victim of the Rosaleses' scheme, and SDI was also a victim of Plaintiff's falsification of his name in order to obtain a job and receive payment illegally. *(Willcox Depo. 45:1-25, 46:1-50:5 Exhibit F; Doc. 1 pp. 23-24).* SDI should not be held liable for the Rosaleses' illegal actions, of which SDI, itself, was a victim. (*Doc. 1 pp. 23-24).*

Plaintiff, however, was well aware that he, himself, was committing a federal crime by obtaining and submitting false documentation in order to obtain work and money from SDI.

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
7 of 17

*(Juarez Dep. 21:8-13; 24:5-15; 25:11-15; 26:3-22; 28: 13-17 Exhibit B).* To put a fine point on it, Plaintiff admitted that had he not *knowingly* been working *illegally* under the false name "Ricardo Hernandez," he would not have been working for SDI, thus would not have fallen from any scaffold at SDI's Idaho Project in 2013. *(Juarez Dep.103:9- 104:12 Exhibit HH).* In fact, if Plaintiff had not knowingly and illegally submitted false information to SDI, none of Plaintiff's claims for relief would exist, as he would never have been in this situation. Therefore, summary judgment on this claim is warranted.

> **B.** **There is No Genuine Dispute as to a Material Fact related to Plaintiff's *Second Claim for Relief* against SDI for Wages, the Claim is unsupportable, and therefore, summary judgment should be granted on Plaintiff's *Second Claim for Relief* in favor of SDI.**

Plaintiff's Second Claim for Relief, a Wyoming state statutory claim for "wages," is based on Plaintiff's assertions that SDI violated W.S. § 27-4-507 and W.S. § 27-4-104. *(Doc. 1 pp.11-12).* Under W.S. § 27-4-507, it is unlawful to pay lower wages than agreed upon. Under W.S. § 27-4-104, employers must timely pay wages due to an employee after the employee has quit or been discharged.

In this case, SDI paid a non-existent person, "Ricardo Hernandez," who SDI believed to be Plaintiff, wages <u>in full</u> as it should have under Wyoming law. *(Doc. 1: 24-25).* However, SDI did not know that Plaintiff and the Rosaleses had a separate, illegal arrangement by which Plaintiff was receiving wages under the false name of Ricardo Hernandez (and the Rosaleses were keeping some for themselves). *(George Rosales Dep. 250:3-22 Exhibit AA; Doc. 1: 24-25).* In fact, SDI unknowingly paid wages to Plaintiff as "Ricardo Hernandez" even when Plaintiff was not working. *(Doc. 1: 24-25; George Rosales Dep. 250:3-22 Exhibit AA).* Therefore, not only SDI did not

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
8 of 17

perpetrate or participate in the Rosales' crimes against Plaintiff, SDI, in fact, *lost* money in paychecks it issued to and intended for "Ricardo Hernandez." *(Doc. 1: 24-25; George Rosales Dep. 250:3-22 Exhibit AA).*

SDI has records showing that it issued checks to Plaintiff, or who it believed Plaintiff to be, throughout the period that timecards were submitted for Plaintiff, for the full amount that Plaintiff should have been paid. *(Doc. 1: 24-25).* Whatever amount the Rosaleses paid themselves under their illegal arrangement with Plaintiff does not, in any way, invalidate the fact that SDI paid Plaintiff what it should have paid Plaintiff in full.

Furthermore, Plaintiff's claim for wage damages is speculative, at best. Compensation for the legal injury is the measure of recoverable damages. Actual damages may only be recovered and those that are speculative cannot support a judgment. Damages must be proven with a reasonable degree of certainty and a court may not resort to speculation or conjecture in determining the proper amount to award. *Cottonwood Valley Ranch, Inc. v. Roberts*, 874 P.2d 897, 899 (Wyo. 1994).

Plaintiff has not provided any sum certain for wages he claims he is owed by SDI. This is because any wages that he is owed were stolen by the Rosaleses, and Plaintiff's claim for such is against them. Because there is no genuine dispute of material fact as to whether or not SDI owes Plaintiff wages under W.S. § 27-4-507 and W.S. § 27-4-104, summary judgment is appropriate on this claim. Furthermore, because Plaintiff's purported damages are speculative and conjectural, Plaintiff cannot proceed with this wage damage claim and summary judgment is proper on this claim for relief.

    **C.** **There is No Genuine Dispute as to a Material Fact related to Plaintiff's *Third Claim for Relief* against SDI for Conversion, the Claim is unsupportable, and**

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
9 of 17

**therefore, summary judgment should be granted Plaintiff's *Third Claim for Relief* in favor of SDI.**

Under Wyoming law, the elements in a cause of action for conversion are a wrongful exercise of dominion over the property of another in a manner that denies the rightful owner of that property use and enjoyment of the same. *Johnson v. Reiger*, 93 P.3d 992, 999-1000 (Wyo. 2004).

Plaintiff's *Complaint* alleges that "George Rosales wrongfully exercised of dominion over the Plaintiff's paychecks and kept a portion or all of the proceeds for himself and for persons other than the Plaintiff," that SDI "acquiesced, or participated in, or ratified George Rosales' conversion," and together, with Rosales, SDI "deprived Plaintiff of the use and enjoyment of the such monies...[which] directly and proximately caused economic and noneconomic damages to the Plaintiff." *(Doc. 1 pp. 12-13).*

For the same reasons and argument set forth above in detail regarding Claim for Relief One and Two, Plaintiff does not fulfill the elements required for conversion, nor does Plaintiff have any evidence to create a material fact that is in dispute. Again, in this case, SDI paid a non-existent person, "Ricardo Hernandez," who SDI believed to be Plaintiff, wages <u>in full</u> as it should have under Wyoming law. *(Doc. 1: 24-25).* SDI did not know that Plaintiff and the Rosaleses had a separate, illegal arrangement by which Plaintiff was receiving wages under the false name of Ricardo Hernandez (and the Rosaleses were keeping some for themselves). *(George Rosales Dep. 250:3-22 Exhibit AA; Doc. 1: 24-25).* SDI unknowingly paid wages to Plaintiff as "Ricardo Hernandez" even when Plaintiff was not working. *(Doc. 1: 24-25; George Rosales Dep. 250:3-22 Exhibit AA).* Therefore, not only SDI did not perpetrate or participate in the Rosales' crimes against Plaintiff, SDI, in fact, *lost* money in paychecks it issued to and intended for "Ricardo

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
10 of 17

Hernandez." *(Doc. 1: 24-25; George Rosales Dep. 250:3-22 Exhibit AA).* SDI certainly did not convert the monies it issued Plaintiff, or to who it believed Plaintiff to be, by paying Plaintiff in full, even when he was not working.

SDI has records showing that it issued checks to Plaintiff, or who it believed Plaintiff to be, throughout the period that timecards were submitted for Plaintiff, for the full amount that Plaintiff should have been paid. *(Doc. 1: 24-25).* Again, whatever amount the Rosaleses paid themselves under their illegal arrangement with Plaintiff does not, in any way, invalidate the fact that SDI paid Plaintiff what it should have paid Plaintiff in full. Because there is no genuine dispute of material fact as to whether or not SDI converted monies owed to Plaintiff, summary judgment is appropriate on this claim.

   D.   **There is No Genuine Dispute as to a Material Fact related to Plaintiff's *Fourth Claim for Relief* against SDI for *Unjust Enrichment*, the Claim is unsupportable, and therefore, summary judgment should be granted on Plaintiff's *Fourth Claim for Relief* in favor of SDI.**

Under Wyoming law, a claim for Unjust Enrichment requires a showing that: (1) valuable goods or services were rendered; (2) to the party to be charged; (3) which services were accepted, used and enjoyed by the charged party; and (4) under circumstances that reasonably notified the party being charged that the other party would expect payment for the goods or services. *Horn v. Wooser*, 165 P.3d 69 (Wyo., 2007).

Plaintiff alleges that Plaintiff provided valuable labor for SDI, SDI accepted, used and enjoyed the labor provided by Plaintiff, SDI knew or should have known that Plaintiff expected to provide labor in exchange for wages that SDI agreed to pay for such labor, SDI failed to pay all of the wages that SDI agreed to pay for, and thus, SDI has been unjustly enriched. *(Doc. 1 p. 13).*

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
11 of 17

This Claim for Relief, read with the factual allegations set forth in the remainder of the *Complaint*, does not fulfill the requirements for a valid claim for unjust enrichment. For the same reasons and argument set forth above in detail regarding Claim for Relief One, Two, and Three, Plaintiff does not fulfill the elements required for unjust enrichment, nor does Plaintiff have any evidence to create a material fact that is in dispute.

SDI's payment to Plaintiff, or who it believed Plaintiff to be, negates this claim, because Plaintiff was paid, in full. Again, in this case, SDI paid a non-existent person, "Ricardo Hernandez," who SDI believed to be Plaintiff, wages <u>in full</u> as it should have under Wyoming law. *(Doc. 1: 24-25).* SDI did not know that Plaintiff and the Rosaleses had a separate, illegal arrangement by which Plaintiff was receiving wages under the false name of Ricardo Hernandez (and the Rosaleses were keeping some for themselves). *(George Rosales Dep. 250:3-22 Exhibit AA; Doc. 1: 24-25).* SDI unknowingly paid wages to Plaintiff as "Ricardo Hernandez" even when Plaintiff was not working. *(Doc. 1: 24-25; George Rosales Dep. 250:3-22 Exhibit AA).* Therefore, not only SDI did not perpetrate or participate in the Rosales' crimes against Plaintiff, SDI, in fact, *lost* money in paychecks it issued to and intended for "Ricardo Hernandez." *(Doc. 1: 24-25; George Rosales Dep. 250:3-22 Exhibit AA).* SDI certainly was not unjustly enriched by cutting checks to Plaintiff, or to who it believed Plaintiff to be, or by paying Plaintiff in full, even when he was not working.

SDI has records showing that it issued checks to Plaintiff, or who it believed Plaintiff to be, throughout the period that timecards were submitted for Plaintiff, for the full amount that Plaintiff should have been paid. *(Doc. 1: 24-25).* Again, whatever amount the Rosaleses paid themselves under their illegal arrangement with Plaintiff does not, in any way, invalidate the fact that SDI paid Plaintiff what it should have paid Plaintiff in full. Because there is no genuine

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
12 of 17

dispute of material fact as to whether or not SDI was unjustly enriched by paying Plaintiff in full, summary judgment is appropriate on this claim.

  E. **There is No Genuine Dispute as to a Material Fact related to Plaintiff's *Fifth Claim for Relief* against SDI for Civil Conspiracy, the Claim is unsupportable, and therefore, summary judgment should be granted on Plaintiff's *Fifth Claim for Relief* in favor of SDI.**

  A claim of civil conspiracy, as recognized by Wyoming and the Tenth Circuit, consists of five elements: 1) two or more persons; 2) an object to be accomplished; 3) a meeting of the minds in the object or course of action; 4) one or more unlawful overt acts; and 5) damages as the proximate cause thereof. *White v. Shane Edeburn Constr., LLC*, 2012 WY 118, P29 (Wyo. 2012) (citing *McKibben v. Chubb*, 840 F.2d 1525, 1533 (10th Cir. 1988). A plaintiff cannot claim civil conspiracy or punitive damages without an underlying cause of action in tort. *Cent. Wyoming Med. Lab., LLC v. Med. Testing Lab, Inc.*, 2002 WY 47, ¶ 13, 43 P.3d 121, 126 (Wyo. 2002).

  In order for a valid claim of conspiracy to exist, its factual allegations must be sufficient to raise a right to relief above the speculative level. See, *Bell Atlantic Corp., et al. v. Twombly, et al.*, 550 U.S. 544, 555-57 (2007). Allegations of parallel conduct and a bare assertion of conspiracy will not suffice…without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply adequate facts to show illegality. *Id.* When allegations of parallel conduct are set out, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action. *Id.* Conclusory allegations with no supporting factual evidence are insufficient. The pleadings must specifically present facts tending to show agreement and concerted action. *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
13 of 17

Plaintiff's *Complaint* alleges that SDI is liable for civil conspiracy for "intentionally, knowingly or recklessly enticing and or using coercion, deception or fraud to compel Plaintiff to provide forced labor or servitude, in violation of W.S. 6-2-202, -703, -704, in violation of the Constitution of the State of Wyoming, sections 29 and 37, and in violation of 28 U.S.C. §§ 1589, 1590." *(Doc. 1 p. 14)*. This Claim for Relief, read with the factual allegations set forth in the remainder of the *Complaint*, does not fulfill the requirements for a valid claim of conspiracy. Specifically, neither the *Complaint* nor any other document or testimony in this case shows an agreement and/or concerted action between SDI and the Rosaleses to entice, coerce, deceive or commit fraud to compel Plaintiff to provide forced labor or servitude.

There was never a conspiracy between SDI and the Rosaleses. First, SDI never intended to enter into a conspiracy with the Rosaleses to entice, coerce, deceive or commit fraud to compel Plaintiff to provide forced labor or servitude. *(Doc. 1 pp. 23-24; Davis Affidavit 5/3/16 Exhibit G; Juarez Dep. 66:5-18 Exhibit D).* Second, Plaintiff utterly fails to show there was any meeting of the minds between SDI and the Rosaleses for the purpose of creating a conspiracy to entice, coerce, deceive or commit fraud to compel Plaintiff to provide forced labor or servitude. *(George Rosales Dep. 250:3-22 Exhibit AA)*. Not only did George Rosales testify that neither Monte Davis nor anyone in office at SDI knew of the Rosaleses' scheme, but that George did not "think anybody knew that" the Rosaleses were stealing money from SDI by falsifying timecards. *(George Rosales Dep. 250:3-22 Exhibit AA; Doc. 1 pp. 23-24)*. Marco Rosales further testified that Monte Davis never told Marco to hire illegal aliens or skim their paychecks. *(Marco Rosales Dep. 202:2-13 Exhibit P; Doc. 1 pp. 23-24; Davis Affidavit 5/3/16 Exhibit G; Juarez Dep. 66:5-18 Exhibit D).*

Finally, there is no underlying tortious conduct by SDI to support Plaintiff's claim—in fact, the evidence shows that SDI paid Plaintiff the wage it lawfully should have paid, which controverts

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
14 of 17

any claim of "forced labor" against SDI.  *(Doc. 1 pp. 23-24; Davis Affidavit 5/3/16 Exhibit G; Juarez Dep. 66:5-18 Exhibit D).*  Plaintiff has not and cannot provide any facts or evidence to the contrary.  Therefore, Plaintiff's civil conspiracy claim fails as a matter of law, and summary judgment on Plaintiff's Fifth Claim for Relief should be granted.

**F.     CONCLUSION**

Plaintiff's first, second, third, fourth and fifth Claims for Relief against SDI are not sustainable and should be dismissed.  There is no genuine dispute of any material fact, and the claims are unsupported by the relevant case law, as set forth above.

WHEREFORE, Defendant SDI respectfully prays that its *Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.* be granted.

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
15 of 17

Respectfully submitted this 31st day of May, 2016.

                    By: */s/ Sarah E. Tollison*
                    Sarah E. Tollison (WSB # 6-4371)
                    DeFazio Law Office, LLC
                    P.O. Box 4877
                    172 Center Street, Suite 203
                    Jackson, WY 83001
                    (307)733-5965
                    (307)733-3786
                    sarah@defaziolaw.com

                    **ATTORNEY FOR DEFENDANT**
                    **STANDARD DRYWALL, INC.**

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
16 of 17

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2016, I electronically filed the foregoing **DEFENDANT STANDARD DRYWALL INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF AGAINST STANDARD DRYWALL, INC.** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| James E. Gigax<br>Murr Siler & Accomazzo, P.C.<br>410 17th Street, Suite 2400<br>Denver, CO 80202-4402<br>jgigax@bmas.com<br>Attorney for Plaintiff Juarez | Judge Kelly H. Rankin<br>U.S. District Court<br>2120 Capitol Avenue, Room 2204<br>Cheyenne, WY 82001-3633<br>wyojudgekhr@wyd.uscourts.gov<br>kelly_rankin@wyd.uscourts.gov |

William R. Fix, Esq.
P.O. Box 297
Jackson, WY 83001
fixlawoffice@gmail.com
Attorney for Defendant Rosales

Deborah M. Kellam
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, WY 82001
kellamd@hallevans.com
Attorney for Defendant
Standard Drywall, Inc.

      /s/ Sarah Tollison
Sarah Tollison

*Juraez v. Standard Drywall, Inc. and George Rosales*
Civil Action No. 15-CV-105-S
*Defendant Standard Drywall, Inc.'s Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief against Standard Drywall, Inc.*
17 of 17