Lance E. Shurtleff, Esq. 6-3794
Deborah M. Kellam, Esq. 5-2541
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming  82001
Phone:    (307) 514-2567
Email:    shurtleffl@hallevans.com
           kellamd@hallevans.com

**ATTORNEYS FOR DEFENDANT**
**STANDARD DRYWALL, INC.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | | |
|---|---|---|
| ALEJANDRO JUAREZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| STANDARD DRYWALL, INC., and | ) | |
| GEORGE ROSALES | ) | Case Number: 15-CV-105-S |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED STIPULATION OF FACTS IN ACCORDANCE WITH U.S.D.C.L.R. 16.1(b)

COME NOW the Parties, by and through their counsel of record, and pursuant to U.S.D.C.L.R. 16.1(b) and this Honorable Court's Order on Initial Pretrial Conference dated October 15, 2015 (Docket #16), hereby submit the following proposed stipulated facts:

## PACKET #1

## FACTS TO WHICH ALL PARTIES AGREE

**PLAINTIFF:**

1.      Defendant George Rosales is, upon information and belief, a citizen of the United States.

2.      Marco Rosales is the father of George Rosales.

**DEFENDANT SDI:**

None

**DEFENDANT ROSALES:**

None

### PACKET #2
### FACTS TO WHICH PLAINTIFF SEEKS TO STIPULATE
### AND DEFENDANTS DO NOT

1.      This Court has federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to claims not arising under federal law. Diversity jurisdiction also exists, as shown below.

2.      Defendant Standard Drywall, Inc. ("Standard") is, upon information and belief, a corporation incorporated under the laws of California, with its principal place of business located in California.

3.      Plaintiff Alejandro Juarez is a citizen of México. He is not a permanent resident of the United States of America within the meaning of 28 U.S.C. § 1332 (a)(2). Rosales was physically present in the Wyoming office of Standard on a weekly if not daily basis at all times relevant hereto.

4.      A substantial part of the events or omissions giving rise to the claims occurred in Wyoming. Therefore, this Court has venue pursuant to 28 U.S.C. §1391(b)(2),(3).

5.      Standard is engaged in the construction trades, specializing in drywall, lath and plaster, acoustic ceilings and related services.

6.      Standard has offices across the Western United States, and maintains an office in Teton County, Wyoming.

7.      Defendant George Rosales was an employee of Standard at all times relevant hereto.

8.      Marco Rosales was an employee of Standard at all times relevant hereto.

9.      As part of their job duties at Standard, George Rosales and Marco Rosales hired and supervised laborer employees of Standard.

10.      George Rosales had a position with supervisory authority at Standard at all times relevant hereto.

11.      Marco Rosales is the father of George Rosales.

12.      Marco Rosales was a Superintendent or had, otherwise, a position with supervisory authority at all times hereto.

13.      The Plaintiff was employed by Standard for two different periods of time.

14.      The Plaintiff's first period of employment by Standard was between December 2007 to the end of 2010, approximately.

15.      Standard's records show employment of individual named Alejandro Juarez for this period of time.

16.      During the Plaintiff's first period of employment at Standard, both George Rosales and Marco Rosales were personally acquainted with the Plaintiff, and knew him as Alejandro Juarez.

17.     During the Plaintiff's first period of employment at Standard, other Standard managerial employees were personally acquainted with the Plaintiff, and knew him as Alejandro Juarez.

18.     In late December 2010 Plaintiff was discharged from his employment at Standard.

19.     At that time, one or both of George Rosales and Marco Rosales advised the Plaintiff that he was being discharged because he did not have documentation showing that he was authorized to work in the United States.

20.     Thereafter, George Rosales and Marco Rosales, while working at Standard, devised a scheme wherein they would knowingly hire and employ undocumented aliens for Standard.

21.     At or about the time the George Rosales supplied Plaintiff with the false documentation, George Rosales hired Plaintiff as an employee of Standard. Marco Rosales hired or approved the hiring of the Plaintiff as an employee of Standard.

22.     At all times relevant to this case, the Defendants were aware that the Plaintiff's true name is Alejandro Juarez.

23.     Plaintiff worked for Standard, under the supervision of George Rosales, from March 2012 until on or about December 31, 2013.

24.     During the time the Plaintiff worked for Standard in 2012 and 2013, Standard issued paychecks payable to Ricardo Hernandez totaling $108,123.92 before any taxes were withheld, and $85,933.53 after taxes.

25.     Standard tendered some of such paychecks directly to Plaintiff.

26.     As to paychecks tendered to the Plaintiff, Defendant George Rosales would then accompany the Plaintiff to a small grocery store in Jackson, Wyoming, for the purpose of cashing the paychecks.

27.     George Rosales cashed or otherwise negotiated such paychecks that Standard tendered to him by forging the signature of "Ricardo Hernandez."

28.     George Rosales would then pay the Plaintiff a portion of the proceeds, and then keep the remainder.

29.     The Plaintiff was injured while working on a Standard project on or about September 30, 2013, and was physically unable to work for a period of time, while he was recovering from surgery and from his injuries.

30.     During the time when Juarez was recovering from his injuries and his surgery, he did not go to Standard job sites or to Standard's office.

31.     During the time when Juarez could not go to Standard job sites or to Standard's office, Standard Drywall tendered directly to George Rosales various checks payable to Ricardo Hernandez.

32.     George Rosales then forged the endorsement on these checks and cashed the checks, keeping most or all of the money for himself and/or for Marco Rosales.

33.     At no time did the Plaintiff authorize Standard Drywall to give George Rosales possession of paychecks issued by Standard Drywall for the Plaintiff's labor. GR deny; SDI:WOS

34.     Standard Drywall thereafter continued to issue paychecks payable to Ricardo Hernandez, until sometime in December 2013 or early 2014.

35.     Standard tendered some paychecks directly to Plaintiff during the period between September 30 and December 31, 2013.

36.     George Rosales then accompanied the Plaintiff to a small grocery store in Jackson, Wyoming, for the purpose of cashing the paychecks.

37.     George Rosales was the Plaintiff's supervisor at all times relevant to this case.

38.     On or about September 30, 2013, George Rosales went to or called the Teton County, Wyoming, office of Standard.

39.     Safe work practices and OHSA regulations require that scaffolds be safely assembled, installed and secured before being used as a work surface.

40.     Standard and George Rosales had the duty to assure any and all scaffolds, when assembled, had adequate capacity to withstand the anticipated weight load and the forces to which any scaffold would be subjected.

41.     George Rosales directed the Plaintiff to climb upon and work upon such scaffold.

42.     The Plaintiff proceeded to climb and work upon the scaffold, as directed.

43.     The scaffold working surface on which Plaintiff was standing and working was over six feet above the ground.

44.     Such scaffold suddenly moved while the Plaintiff standing upon it, causing the Plaintiff to lose his balance and fall to the ground.

45.     The Plaintiff incurred an ankle fracture and other injuries.

46.     The Plaintiff underwent surgery and has incurred medical expenses and permanent injuries.

47.     Defendant Standard was the principal or employer of George Rosales and Marco Rosales with respect to their hiring, firing and supervising of laborers, at all times relevant hereto.

48.     Defendant Standard was the principal or employer of George Rosales  with respect to his work activities related to the Standard project in Driggs, Idaho, described above.

49.     Defendant George Rosales' work activities effected in Jackson, Wyoming, in planning the project and in selecting scaffold components to be used at the project in Driggs, Idaho, and his activities at such project, were in the course of his employment by or agency with Defendant Standard.

50.     As a direct and proximate result of the negligent acts and omissions of Defendant George Rosales alleged in this Complaint, Plaintiff sustained personal injuries and economic and noneconomic losses and damages.

## PACKET #3

### FACTS TO WHICH DEFENDANT SDI SEEKS TO STIPULATE AND WITH OTHER PARTIES DO NOT

1.     In December, 2005, Plaintiff, a citizen of Mexico, entered this country illegally and remains unauthorized to be in the United States.

2.     On July 2, 2007, Plaintiff Juarez applied for work at SDI, submitting a false social security number and false permanent resident card he had purchased on the black market, along with a Form I-9 that untruthfully indicated that he was a lawful permanent resident.

3.     SDI V.P. Monte Davis never instructed Marco Rosales to hire illegal workers.

7

4.      On September 30, 2013, Plaintiff, working under the name "Ricardo Hernandez" fell from an SDI scaffold in Driggs, Idaho, injuring his ankle.

5.      Plaintiff, George, and Marco did not report the injury to SDI.

6.      On December 28, 2013, Plaintiff voluntarily left his employment with SDI.

7.      On January 10, 2014, co-defendant George Rosales and his father Marco Rosales left their employment with SDI.

8.      On January 17, 2014, Plaintiff, through interpreter, SDI's Jesus Ochoa, reported his September 30, 2013 injury to SDI's V.P. Monte Davis in the Wyoming office.

9.      On January 17, 2014 Plaintiff revealed that he was illegal and had recovered at the home of George Rosales following his hospitalization, with George entering time and forging /cashing SDI paychecks intended for Plaintiff under the name "Ricardo Hernandez."

10.     Plaintiff's medical bills totaled less than $50,000.

11.     January 17, 2014 was the first date that Plaintiff and V.P. Monte Davis had ever met.

12.     On January 20, 2014 SDI's Monte Davis met with the Sheriff's Department to report what he'd learned from Mr. Juarez and requested an immediate criminal investigation into George and Marco Rosales.

13.     The investigation culminated with George Rosales' Plea Agreement for forgery whereupon he was ordered to pay restitution to victims Standard Drywall, Plaintiff Juarez, and 2 other undocumented former employees, with all other charges dismissed.

14.     Sheriff Investigator Jesse Willcox found that SDI was a victim of the Rosales scheme and SDI did not know about what George Rosales and Marco Rosales alleged scheme.

Respectfully submitted this **7**th day of July, 2016.

By: _s/Lance E. Shurtleff_____
Lance E. Shurtleff, Esq. [Atty. No. 6-3794]
Deborah M. Kellam, Esq. [Atty. No. 5-2541]
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming 82001
Phone:  (307) 514-2567
Email:    shurtleffl@hallevans.com
               kellamd@hallevans.com
**ATTORNEYS FOR DEFENDANT
STANDARD DRYWALL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2016, I electronically filed the foregoing **PROPOSED STIPULATION OF FACTS IN ACCORDANCE WITH U.S.D.C.L.R. 16.1(b)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| *Attorney for Plaintiff* <br> *Alejandro Juarez:* <br><br> James E. Gigax, Esq. [Wyo. Bar No. 5-1913] <br> Murr Siler & Accomazzo, P.C. <br> 410 17th Street, Suite 2400 <br> Denver, CO  80202-4402 <br> Phone:  (303) 534-0311 <br> Email:    jgigax@msa.legal | *Attorneys for Defendant* <br> *George Albert Rosales:* <br><br> William R. Fix, Esq. <br> P. O. Box 297 <br> Jackson, WY  83001 <br> Phone:  (307) 733-5848 <br> Email:   fixlawoffice@gmail.com |
| *Attorneys for Defendant* <br> *Standard Dry Wall, Inc.:* <br><br> Sarah E. Tollison, Esq. <br> DeFazio Law Office, LLC <br> P. O. Box 4877 <br> Jackson, WY  83001 <br> Phone:  (307) 733-5965 <br> Email:   sarah@defaziolaw.com | |

*s/V. Dawn Brimer*
V. Dawn Brimer, Legal Assistant
Lance E. Shurtleff, Esq.
Deborah M. Kellam, Esq.
Hall & Evans, LLC
2015 Central Avenue, Suite C
Cheyenne, Wyoming 82001
Phone:  (307) 514-2567
shurtleffl@hallevans.com
kellamd@hallevans.com
**ATTORNEYS FOR DEFENDANT**
**STANDARD DRYWALL, INC.**